# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

JAMES BRADY,
        Plaintiff,

v.                                                 CIVIL ACTION NO. 12-40063-TSH

HON. DENISE MEAGHER,
        Defendant.

## MEMORANDUM AND ORDER

HILLMAN, M.J.

## I.    INTRODUCTION

On May 18, 2012, Plaintiff James Brady ("Brady"), a resident of Northborough, Massachusetts, filed a skeletal self-prepared civil rights Complaint pursuant to 42 U.S.C. § 1983 against sate court Judge Denise Meagher. Brady alleges that on March 12, 2012, Judge Meagher quashed a deposition in the state case *Brady v. Brady*. On April 10, 2012, he filed a petition for interlocutory relief to a single judge, seeking to permit the deposition. On April 30, 2012, the Appeals Court overturned Judge Meagher's ruling; however, on May 14, 2012, Judge Meagher made a further ruling prohibiting questions of a financial nature. Brady asserts this ruling went beyond the scope of the Appeal Court's ruling and therefore Judge Meagher violated his constitutional rights. He seeks $30,000.00 in damages.

Brady paid the $350.00 filing fee and the clerk issued a summons on May 18, 2012.

## II.    DISCUSSION

    A.    <u>Screening Authority</u>

Brady paid the filing fee and thus his Complaint is not subject to preliminary screening pursuant to 28 U.S.C. § 1915(e). Nevertheless, a district court has inherent authority to dismiss a frivolous or malicious complaint *sua sponte*. *See Mallard v. United States District Court*, 490 U.S.

296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuits even in absence of any specific statutory provision); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) ("district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources" and district court properly dismissed frivolous case, even in a fee-paying case). A court may also dismiss a complaint on its own motion for failure to state a claim upon which relief may be granted. *See Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. Appx. 975, 977 (5th Cir. 2008) (unpublished decision).

Further, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction, and must dismiss an action where jurisdiction is lacking.[1] For purposes of preliminary screening, Brady's Complaint is construed liberally because he is proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).

B. <u>Failure to State Plausible Claim Upon Which Relief May Be Granted</u>

This action is subject to dismissal *sua sponte* because Brady cannot state a claim upon which relief may be granted, given that Judge Meagher is entitled to absolute judicial immunity.

Absolute judicial immunity protects judges from acts performed within the scope of their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an

---

[1]*See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). *See also In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

immunity from suit, not just from the ultimate assessment of damage."); *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); *Allard v. Estes*, 197 N.E. 884, 886 (1935) (stating that is it "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law.").

The reason for recognizing this form of immunity is that:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have.... [T]his is the principal characteristic that adjudication has in common with legislation and with criminal prosecution, which are the two other areas in which absolute immunity has most generously been provided. If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

*Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *Forrester v. White*, 484 U.S. 219, 226-27 (1988)).

In this case, although Brady may believe that Judge Meagher went beyond the scope of the appellate court ruling in connection with *Brady v. Brady*, it is clear that Judge Meagher was acting within the scope of her jurisdiction as a judge. Thus, even if she erred in their rulings as Brady contends, her actions fall within the scope of the absolute immunity doctrine. Brady's allegation that she went outside the scope of her authority is insufficient to defeat application of the doctrine in this case because Judge Meagher's action -- made in connection with pending litigation -- does not constitute the type of extra-judicial activity exempting her from entitlement to absolute judicial immunity.

Brady may believe that this Court should disregard the doctrine entirely, or he may believe

that his due process claim trumps the absolute judicial immunity doctrine; however, such assertion is misplaced and contrary to clearly-established law. Additionally, this District Court has previously considered that willful ignorance of the doctrine of absolute judicial immunity can constitute vexatious and frivolous conduct. *See Fennick v. Staco, et al.*, Civil Action No. 07-11096-MLW, Memorandum and Order (Docket No. 10, at 7).

### C. Abstention as a Bar to Brady's Claim

Moreover, this action is subject to dismissal for lack of jurisdiction, under the doctrine of abstention. Under this doctrine, this Court should abstain from exercising jurisdiction to intervene in pending state proceedings. *See In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971))).[2] Under *Younger*, abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; (3) the state proceeding affords an adequate opportunity to raise the federal constitutional issue(s); and (4) the plaintiff in the federal case has not demonstrated bad faith, harassment, or any other unusual circumstances that would call for equitable relief. *S. Boston Allied War Veterans' Council*, 830 F. Supp. at 649. *See Rivera-Puig v. Garcia-Rosario*, 983 F.2d 311, 320-21 (1st Cir. 1992) (outlining factors to be considered by the

---

[2]Under *Younger* and its progeny, the Supreme Court broadened the abstention doctrine to protect principles of federalism and comity by preventing the federal courts from interfering substantially with certain ongoing state judicial proceedings. *Younger*, 401 U.S. at 46; *In re Justices of the Superior Court*, 218 F.3d at 16 (1st Cir. 2000); *S. Boston Allied War Veterans' Council v. Zobel*, 830 F. Supp. 643, 648 (D. Mass. 1993).

4

court in deciding whether to abstain).³

In this case, Brady has not disclosed the nature of his state case; however, the Court infers the case involves a domestic relations matter. This would appear to be an ongoing state case which would implicate the state's interest. Further, states have an important interest in protecting the authority of the state judicial system, so that its orders and judgments are not rendered nugatory. *S. Boston Allied War Veterans' Council*, 830 F. Supp. at 649 (quotations and citations omitted).

Next, Brady has not set forth any facts whatsoever to support a claim that the state proceeding does not afford him an adequate opportunity to challenge Judge Meagher's ruling within the state court system.⁴

---

³For an extensive discussion on the origins and application of the *Younger* abstention doctrine, *see Massachusetts Delivery Ass'n v. Coakley*, 671 F.3d 33, 41-42 (1st Cir. Jan. 20, 2012).

⁴Even if this Court were to find that *Younger* abstention (a jurisdictional consideration) is not warranted under the circumstances presented here, Brady's claim is still subject to dismissal on the merits for failure to state a claim upon which relief may be granted. This is because his constitutional challenges under 42 U.S.C. § 1983 are not cognizable where there is an adequate state remedy to address the claims. It is well settled that an action under 42 U.S.C. § 1983 is precluded where there exists an adequate post-deprivation remedy. The Supreme Court of the United States has determined that a state post-deprivation remedy is adequate when procedural due process claims relate to random deprivations by the state; the plaintiff must seek relief in state court. *See Zinermon v. Burch*, 494 U.S. 113, 126 (1990) ("The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process"); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *O'Neill v. Baker*, 210 F.3d 41, 50 (1st Cir. 2000); *Riordan v. Martin*, 51 F.3d 264, at *1 (1st Cir. 1995) (unpublished disposition) ("Since inadequacy of the state's remedy is a material element of the § 1983 claim, plaintiff had the burden of setting forth supporting factual allegations, either direct or inferential, to sustain an actionable legal theory." *citing Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)); *Farris v. Poore*, 2012 WL 182148 (D. Me. Jan. 23, 2012); *Dore v. Feeley*, 2012 WL 194421 (D. Mass. 2012); *Rondeau v. Rogers*, 2010 WL 3070192, *6 (D.N.H. 2010) ("A procedural due process claim may not be redressed under section 1983 where an adequate state remedy exists." quoting *Reid v. New Hampshire*, 56 F.3d 332, 241 (1st Cir. 1995)).

Finally, Brady has not set forth circumstances that would call for equitable relief. Unsupported allegations that Judge Meagher exceeded the scope of her authority are not sufficient to overcome the presumption of abstention. Further, extraordinary circumstances are not present where appropriate relief is available in state courts. *Haskins v. Dauphin County Dist. Attorney's Office*, 2011 WL 662653, *2 (M.D. Pa. 2011) (noting application of *Younger* was warranted because "[i]t would be entirely inappropriate for us to wade into these state proceedings at this juncture. To do so would not only violate principles of comity, but is also contrary to established law") *citing Evans v. Court of Common Pleas, Delaware County, PA*, 959 F2d 1227, 1234 (3d Cir. 1992) *and Moore v. De Young*, 515 F.2d 437, 441 (3d Cir. 1975) (there are no extraordinary circumstances presented where the applicant will have an opportunity to raise this claim in state trial court and appellate proceedings).

D.  The Summons is Rescinded

As noted above, the Clerk's Office already issued the summons pursuant to standard procedures because the filing fee was paid. In light of the above, however, this Court finds that in order to ensure that court resources are not wasted and that the Defendant is not prejudiced by spending time and money defending this action, this Court hereby RESCINDS the summons issued on May 18, 2012. Brady is instructed that he may not make attempts to effect service on Judge Denise Meagher and any service made will be considered defective. If served, Judge Meagher is not obligated to respond pending further Order of the Court.

E.  Order to Show Cause

In light of the above, this action will be dismissed within 35 days from the date of this Memorandum and Order unless Brady demonstrates good cause why this action should not be

dismissed. In any show cause response, Brady must address the legal impediments to his claim discussed herein (*i.e.*, absolute judicial immunity, abstention, and the failure to allege there is an inadequate state remedy). Failure to comply with this directive will result in a dismissal of this action.[5]

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The summons issued on May 18, 2012 is <u>RESCINDED</u>; and

2. Within 35 days of the date of this Memorandum and Order, Plaintiff shall show cause why this action should not be dismissed for the reasons stated herein.

SO ORDERED.

    /s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES MAGISTRATE JUDGE

DATED: May 21, 2012

---

[5] At that time this action shall be reassigned to a District Judge for further proceedings and entry of dismissal if appropriate.